19637

Hester POWELL, Appellant, v. Robert CHAPMAN et al., Respondents

(197 S. E. (2d) 287)

*Messrs. Cox, Lamb and Seeley,* of Spartanburg, *for the Appellant,*

518

*Messrs. E. W. Johnson,* of Spartanburg, and *Huger Sinkler,* of Charleston, *for the Respondents,*

June 8, 1973.

Moss, Chief Justice:

This action is one under the "Uniform Declaratory Judgments Act", Section 10-2001, *et seq.,* 1962 Code of Laws, brought by Hester Powell, the appellant herein, the owner of property and a taxpayer in Spartanburg School District No. 3, against the Board of Trustees of said school district and the Attorney General of the State, the respondents herein. The purpose of the action is to determine whether certain property, situate within Spartanburg School District No. 3 and owned by Spartanburg County and acquired by it pursuant to Section 14-399.21, *et seq.,* of the Code, The Industrial Bond Act, is includable as "taxable property" in accordance with the true intent and meaning of Article X, Section 5(152) of the 1895 Constitution of this State which permits the said school district to "incur bonded indebtedness for school purposes to an amount not exceeding twenty percent of the assessed value of all taxable property therein."

It is admitted that the records of the Auditor of Spartanburg County show that the assessed value of all taxable

property within School District No. 3 is approximately $11,-260,000.00 and that approximately $4.2 million of this total assessment constitutes property of Spartanburg County acquired with the proceeds of bonds issued under the aforesaid Act. All of these properties are now leased by Spartanburg County to certain industries.

It is provided in Section 14-399.33 of the Code that "all projects so long as county owned . . . shall be exempt from all taxation . . .", but under Section 14-399.26 it is provided that:

"Every lease shall contain a provision requiring the lessee to make payments to the county or counties, school district or school districts, and other political units wherein the project shall be located in lieu of taxes, in such amounts as would result from taxes levied on the project by such county or counties, school district or school districts, and other political unit or units, if the project were owned by the lessee, but with appropriate reductions similar to the tax exemptions, if any, which would be afforded to the lessee if it were the owner of the project."

The properties acquired by Spartanburg County pursuant to the Industrial Bond Act have been leased to private industry, and such leases meet all of the requirements of the Act, including the requirement that the several lessees make payments in lieu of taxes in the same amounts as they would pay if they were, in fact, the owners of such properties. The amount of revenues which the taxing units, including Spartanburg School District No. 3, will collect with respect thereto, will be the same as if the properties were not exempt from *ad valorem* taxes.

The Board of Trustees of School District No. 3, in calculating the amount of bonds which it may issue under its constitutional debt limitation, has included the properties owned by Spartanburg County under the Act as taxable property of the school district. The trial judge sustained this action of the Board of Trustees of the School District and the appellant alleges that he was in error in so holding.

It is the contention of the appellant that the term "all taxable property" includes all such property as is subject to *ad valorem* taxation. The respondents do not quarrel with the foregoing position but reject the appellant's conclusion that only property which is subject to *ad valorem* taxation is includable as a part of the district's taxable property for the purpose of calculating the applicable constitutional debt limit. The respondents assert that the properties here, although exempt from *ad valorem* taxes, are nevertheless "taxable property".

The essential characteristics of a tax are that it is not a voluntary payment or donation, but an enforced contribution, enacted pursuant to legislative authority, in the exercise of the taxing power, the contribution being of a proportional character, payable in money, and imposed, levied, and collected for the purpose of raising revenue, to be used for public or governmental purposes. 84 C. J. S. Taxation § 1, at page 32. The question of whether a particular contribution, charge, or burden is to be regarded as a tax depends on its real nature and not on its designation. Whether revenue shall be raised by one system or plan or by another, are matters committed necessarily to the discretion of the General Assembly of this State.

Article X, Section 13, of the 1895 Constitution directed the General Assembly to "provide for the assessment of all property for taxation" and Section 65-1503 of the Code implements the foregoing constitutional provision by providing that all property tax shall be levied on a uniform assessment. The word "assessment" used in the constitution and the statute means "the value placed upon property for the purpose of taxation by officials appointed for that purpose." *Meredith v. Elliott,* 247 S. C. 335, 147 S. E. (2d) 244. The amount of the *ad valorem* taxes is ascertained by taking the assessed value and multiplying it by the legally fixed millage in said taxing unit or district.

The contract between Spartanburg County and the lessees contain the provisions required by Section 14-399.26 of the Code. The payments required by such contracts, in lieu of taxes, were not voluntary payments or donations but were required by the statute. The payment in lieu of taxes required of the lessees was the same amount as if the property had been assessed for *ad valorem* taxes.

In the case of *Elliott v. McNair*, 250 S. C. 75, 156 S. E. (2d) 421, this Court determined the constitutionality of the Industrial Revenue Bond Act and recognized that property leased pursuant to such Act was not subject to *ad valorem* taxes, but in lieu thereof, Section 6 of the Act (which is now Section 14-399.26 of the Code) requires the lessee of said property to pay such equivalent amounts "as would result from taxes levied" as if the lessee were the owner of the property. It is apparent to us that it was the intent of the General Assembly insofar as the burden of taxation is concerned, that the property of Spartanburg County acquired and leased pursuant to the Act should share equally with the properties subject to *ad valorem* taxes the burden imposed by the bonds sought to be issued.

The amounts required to be paid by a lessee of property from Spartanburg County was a "tax equivalent" and not an *ad valorem* tax. It was a legislative substitute for the loss of revenue which results to the various tax districts because of the ownership of the leased property by Spartanburg County. The exaction of the tax equivalent is a condition imposed by the General Assembly upon a lessee for the privilege of contracting with Spartanburg County for the benefits accruing to them under the Industrial Bond Act.

The "tax equivalent" is "such amounts as would result from taxes levied on the project by such county or counties, school district or school districts, and other political unit or units, as if the project was owned by the lessee". Since the "tax equivalent" is the same amount that the lessee would pay if it owned the leased premises, it is arrived at by tak-

ing the assessed valuation and applying thereto the fixed millage. It is obvious to us that the General Assembly recognized that county owned property was exempt from taxation under Article X, Section 4 of the 1895 Constitution. However, it is apparent that the "tax equivalent" plan provided for under Section 14-399.26 of the Code would become operative when the county owned property was leased to a private industry and would then be subjected to the same amount of taxes as if such industry were the true owner thereof.

If the General Assembly had intended that property in the hands of a lessee under the Act should not be given an assessed valuation and that such should be deducted from the assessed valuation to arrive at a basis for debt limitation, it could easily have said so. Under the "tax equivalent" plan, a lessee of property from Spartanburg County would pay the same percentage of principal and interest upon bonded indebtedness as any other taxpayer whose property was not exempt therefrom.

As is heretofore stated, property of Spartanburg County in the possession of the several lessees has been duly assessed at $4.2 million. It is upon this assessed value that the "tax equivalent" will be determined. It is our conclusion that the property in the possession of the lessees thereof is "taxable property" within the meaning of Article X, Section 5(152) of the Constitution and therefore includable in determining the amount of bonded indebtedness which Spartanburg School District No. 3 can incur under the constitutional limitation.

The judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.