**In re SOUTH ATLANTIC PACKERS ASSOCIATION, INC., Debtor.**

**Bankruptcy No. 81–01417.**

United States Bankruptcy Court, D. South Carolina.

Jan. 19, 1983.

Robert F. Anderson, Columbia, S.C., for trustee.

Clifford O. Koon, Jr., Columbia, S.C., for creditor.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

### FINDINGS OF FACT

This matter came before the court on the trustee's objection to the proof of claim (No. 41) filed by the South Carolina Department of Agriculture (SCDA) as a priority claim under 11 U.S.C. § 507(a)(6)(E).[1] Section 507 states:

(a) The following expenses and claims have priority in the following order:

\* \* \* \* \* \*

(6) Sixth, allowed unsecured claims of governmental units, to the extent that such claims are for—

(E) an excise tax on—

(i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or

(ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition . . . .

SCDA contends that it is entitled to this priority because its claim is an excise tax. Such contention is premised upon SCDA's functions as a governmental unit.

SCDA is a governmental unit as defined by § 101(21). SCDA is empowered by State law to make grading services available under its Agricultural Marketing Program and to charge reasonable fees to offset the costs of such services. S.C. Code § 46–15–40 (1976).[2]

Pursuant to this authority, SCDA entered into a cooperative agreement with the United States Department of Agriculture (USDA) to provide grading services. Under such agreement SCDA uses state facilities and personnel to provide poultry grading services which culminate in the assignment of USDA grades on poultry processed within this state. Any fees charged by the state are retained by it to be applied towards the costs of running the grading program.

In accordance with its duties, SCDA has a mandatory inspection program for processing plants which engage only in intrastate business.[3] SCDA poultry grading is not required for interstate business, *ergo*, in the instant case, the debtor was not required to avail itself of SCDA grading services, and SCDA was not required to perform the services gratuitously. The debtor applied to SCDA for, and was furnished, USDA grading for a portion of its poultry products prior to the shipment of such products to the Commonwealth of Puerto Rico.

The charges resulting from this grading service are the basis of the dispute herein. SCDA contends that the grading charges are entitled to priority status as excise taxes. The trustee contends that such pre-petition poultry grading charges do not constitute excise taxes, therefore, are not entitled to the priority status of § 507(a)(6)(E).

### ISSUE

Are the charges imposed by SCDA against the debtor for grading poultry in interstate commerce excise taxes which have priority status under § 507(a)(6)(E)?

### DISCUSSION

■ The broad purpose of the Bankruptcy Code is to bring about an equitable distribution of the debtor's estate. *See, Kothe v. R.C. Taylor Trust,* 280 U.S. 224, 50 S.Ct. 142, 74 L.Ed. 382 (1930). The priority provisions of § 507 run counter to that purpose; they create special statuses for specified claims. *See, In re Lorber Industries of California, Inc.,* 675 F.2d 1062, 1066 (9th

---

**1.** Hereinafter all references to Title 11 of the United States Code shall be by cited section number only.

**2.** Hereinafter all references to the South Carolina Code of Laws shall be by section only.

**3.** § 47–19–80: "No establishment processing poultry or poultry products solely for intrastate commerce shall process any poultry or poultry product capable of use as human food except in compliance with the requirements of this chapter."

Cir.1982). In order to qualify as excise taxes entitled to priority status under § 507(a)(6)(E), the SCDA charges for the services rendered to the debtor must be "taxes" as defined by Federal law. *E.g., New York v. Feiring,* 313 U.S. 283, 285, 61 S.Ct. 1028, 1029, 85 L.Ed. 1333 (1941); *New Jersey v. Anderson,* 203 U.S. 483, 491, 27 S.Ct. 137, 140, 51 L.Ed. 284 (1906); *In re Lorber,* 675 F.2d at 1066. The SCDA charges fail this requirement and are not taxes.

■ Taxes are not equivalent to debts, which are voluntary obligations based on consent express or implied; taxes are levied without the consent or voluntary action of the taxpayer. *In Re Lorber,* 675 F.2d at 1066. *See also, National Cable Television Association v. United States,* 415 U.S. 336, 340, 341, 94 S.Ct. 1146, 1148, 1149, 39 L.Ed.2d 370 (1974). Involuntariness is a fundamental characteristic of taxes.

> The essential characteristics of a tax are that it is *not a voluntary payment or donation,* but an enforced contribution, enacted pursuant to legislative authority, in the exercise of the taxing power, the contribution being of a proportional character, payable in money, and imposed, levied, and collected for the purpose of raising revenue, to be used for public or governmental purposes. [emphasis added.]

*Powell v. Chapman,* 260 S.C. 516, 197 S.E.2d 287 (1973).

■ The SCDA charges do not possess the essential characteristics of a tax—they are specific charges for specific services, which the debtor was not compelled under South Carolina law to seek or accept from SCDA. *Accord, Dickson v. Jefferson County Board of Education,* 311 Ky. 781, 225 S.W.2d 672 (1950). A charge for a specific service or a commodity purchase is not a tax. *Arcade County Water District v. Arcade Fire District,* 6 Cal.App.3d 232, 237, 85 Cal.Rptr. 737 (1970). For example, because of the voluntary nature of the service usage, the imposition of fees for the use of a

city utility system has been held not to be an exercise of taxing power. *City of Dunedin v. Contractor and Builders Association of Pinellas County,* 312 So.2d 763 (Fla.App. 1975). Here, the debtor voluntarily incurred the SCDA charges.

■ The proper analysis for determination of a tax for bankruptcy purposes is set forth in *In re Farmer Frozen Food Company,* 221 F.Supp. 385 (N.D.Cal.1963). Adopting criteria similar to that identified by the South Carolina Supreme Court in *Powell v. Chapman, supra,* the court in *In re Farmer Frozen Food Company, supra,* applied the following analysis:

> The elements which characterize an exaction of "tax" within the meaning of Section 64, sub a(4) are as follows:
>
> (a) An involuntary pecuniary burden regardless of name, laid upon individuals or property;
>
> (b) Imposed by, or under authority of the legislature;
>
> (c) For public purposes, including the purposes of defraying expenses of government or undertakings authorized by it;
>
> (d) Under the police or taxing power of the State.

This analysis originated for determination of priority status under § 64a(4) of the Bankruptcy Act of 1898. While the provisions of § 64a(4) have now been replaced by § 507(a)(6), the Ninth Circuit Court of Appeals has held this analysis to be applicable for a determination of priority status under § 507(a)(6). *In re Lorber, supra.*

In applying the *In re Farmers Frozen Food* analysis, the Ninth Circuit of Appeals stated that:

> In determining if Lorber's use of the system was voluntary, and if it therefore consented to the imposition of the fees, we are not free to consider the practical and economic factors which constrained Lorber to make the choice it did. The focus is not upon Lorber's motivation, but

on the inherent characteristics of the charges.

*In re Lorber,* 675 F.2d at 1066.

Applying such analysis to the instant case, it is clear that the SCDA charges do not qualify as taxes entitled to priority status under § 507(a)(6). The SCDA charges are the result of the debtor's voluntary utilization of SCDA's poultry grading services. The grading was required under Puerto Rican law for shipment of the poultry to Puerto Rico, but neither South Carolina statutes nor SCDA rules required the grading. The SCDA charges are not "an involuntary pecuniary burden" imposed upon the debtor because the debtor voluntarily requested such services.

## CONCLUSION

This court concludes that the poultry grading charges of the SCDA are not excise taxes within the meaning of § 507(A)(6)(E), and that the claim of SCDA is not entitled to priority status thereunder.[4] The SCDA poultry grading charges are merely charges for voluntary government services.

## ORDER

IT IS THEREFORE ORDERED that the Trustee's Objection to Proof of Claim Number 41, filed by the South Carolina Department of Agriculture is sustained; and that the claim be allowed in the amount filed as a general, unsecured claim without priority status.

---

4. The Court notes in passing that if such a charge for the grading of *interstate* poultry were a mandatory charge assessed by the State, such could be in contravention of the Interstate Commerce clause of the Constitution. *Ling v. Michigan,* 135 U.S. 161, 10 S.Ct. 725, 34 L.Ed. 150 (1890); *Morgan v. Virginia,* 328 U.S. 373, 66 S.Ct. 1050, 90 L.Ed. 1317 (1946).