**In re SKJONSBY TRUCK LINE, INC., Debtor.**

**Bankruptcy No. 83–05027.**

United States Bankruptcy Court, D. North Dakota.

June 27, 1984.

972

David L. Johnson, Fargo, N.D., for debtor.

Bill Peterson, Fargo, N.D., for Job Service of N.D.

Roger Minch, Fargo, N.D., for creditors committee.

William Westphal, U.S. trustee.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This Court entered an Order on May 31, 1984, fixing the claim of Job Service of North Dakota in the above-entitled bankruptcy proceeding at the sum of $9,566.35. A dispute remains between the parties as to whether the claim of Job Service of North Dakota is an unsecured or priority claim. Both parties have submitted their respective arguments on this matter by way of written brief.

## DISCUSSION

Job Service maintains that their claim is a priority tax claim pursuant to 11 U.S.C. § 507(a)(6)(D). Section 507 of the Bankruptcy Code reads in part, as follows:

(a) The following expenses and claims have priority in the following order—

. . . .

(6) Sixth, allowed unsecured claims of governmental units, to the extent that such claims are for—

. . . .

(D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date; for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition;

11 U.S.C. § 507(a)(6)(D). The Debtor argues that the contributions to the Job Service program are not in the nature of a tax, or that in the event the Court finds the contributions to be a tax, the contributions are not the type of tax contemplated under section 507(a)(6)(D) of the Bankruptcy Code.

Job Service of North Dakota was established pursuant to section 52–02–08 of the North Dakota Century Code for the purpose of administering the provisions of the North Dakota Unemployment Compensation Law. Job Service of North Dakota is directed to take appropriate steps to:

1. Reduce and prevent unemployment.

2. Encourage and assist in the adoption of practical methods of vocational training, retraining, and vocational guidance.

3. Investigate, recommend, advise, and assist in the establishment and operation, by municipalities, counties, school districts, and the state, of reserves for public works to be used in times of business depression and unemployment.

4. Promote the reemployment of unemployed workers throughout the state in every other way that may be feasible.

5. Carry on and publish the results of investigations and research studies.

N.D.Cent.Code § 52–02–08 (1982). In order to finance its activities, Job Service of North Dakota manages an unemployment compensation fund established pursuant to section 52–03–01 of the North Dakota Century Code. The unemployment compensation fund is composed in part of contributions from employers throughout the State of North Dakota. N.D.Cent.Code § 52–03–01 (1982). Section 52–04–01 of the North Dakota Century Code provides, in part, that "[contributions payable by each employer] shall become due and shall be paid by each employer to the bureau for the fund in accordance with such regulations as the bureau may prescribe, and shall not be deducted in whole or in part, from the wages of individuals and such employer's employ . . . ." N.D.Cent.Code § 52–04–01 (1982). The Court must initially determine whether the contributions imposed upon employers under section 52–04–01 of the North Dakota Century Code are in the nature of tax obligations.

The Ninth Circuit Court of Appeals listed the following characteristics of a tax obligation. In general, a tax is:

(a) an involuntary pecuniary burden, regardless of name;

(b) imposed by or under the authority of the legislature;

(c) for public purposes;

(d) under the police or taxing power of the state.

*In re Lorber Industries of California, Inc.,* 675 F.2d 1062, 1066 (9th Cir.1982). While the decision in *Lorber Industries* was rendered in a bankruptcy proceeding arising under the former Bankruptcy Act of 1898, that decision's definition of a tax has been used by courts when construing section 507 of the Bankruptcy Code. *See In re Payne,* 27 B.R. 809 (Bkrtcy.D.Kan. 1983); *In re South Atlantic Packers Association, Inc.,* 28 B.R. 80 (Bkrtcy.D.S.C. 1983). This Court believes that although the list of tax characteristics enumerated by the Court in *Lorber Industries* is helpful, that list does not exhaust the factors a court may consider when determining the nature of an alleged tax obligation.

The Debtor questions the tax characteristics of the obligation to Job Service in this instance on a number of grounds. First, the Debtor argues that the fund is established to benefit only a select group of individuals in the state, that being those who are employed by private businesses rather than the general local population. Further, the Debtor contends that the source of the obligation is based not upon the authorizing legislation, but comes about from the Debtor's decision to engage in private business in this state and hire one or more employees. Finally, the Debtor notes that the failure to make contributions to the unemployment compensation fund does not result in the filing of an automatic lien.[1] The remedy provided Job

Service when an employer fails to make contributions to the unemployment compensation fund is to commence a civil action to collect the unpaid contributions. N.D.Cent. Code § 52–04–12 (1982). Section 52–04–13 of the North Dakota Century Code specifically distinguishes contributions to the unemployment compensation fund from taxes. Section 52–04–13 grants under a state adjudicated insolvency proceeding second priority standing to unpaid unemployment compensation contributions while unpaid taxes are given first priority status.

■ Notwithstanding the varied treatment between contributions to the unemployment compensation fund and other tax obligations, the Court must find that the unpaid contributions in this instance have the general characteristics of a tax obligation. The contribution is an involuntary payment imposed by the legislature under section 52–04–01 of the North Dakota Century Code. Although the contributions are voluntary in the sense that an employer is not obligated to make payments until he elects to do business in the state, it is more fair to characterize the obligation as an involuntary burden placed upon all who elect to hire and pay wages to employees in the state. The contributions benefit the general public by funding a program which works to provide a stable and productive economy throughout the state.

■ The Court finds the unpaid contributions in this instance to be a tax obligation. The Debtor argues, however, that the contributions are not the type of tax obligation contemplated under section 507(a)(6)(D) of the Bankruptcy Code. The Debtor contends that section 507(a)(6)(D) only pertains to the employer's share of employment taxes on a wage, salary or commission. Collier on Bankruptcy ¶ 507.04 (15th Edition 1984). As a consequence, the Debtor be-

---

1. Legislative enactments concerning the state income tax are found under chapter 57–38 of the North Dakota Century Code. Section 57–38–48 of the North Dakota Century Code provides, as follows:

Whenever any taxpayer liable to pay a tax or penalty imposed refuses or neglects to pay the same, the amount, including any interest, penalty, or addition to such tax, together with the

costs that may accrue in addition thereto, shall be a lien in favor of the state of North Dakota upon all property and rights to property, whether real or personal, belonging to said taxpayer. Such lien shall attach at the time the tax becomes due and payable and shall continue until the liability for such amount is satisfied.

N.D.Cent.Code § 57–38–48 (1983).

lieves that that section applies only to employment taxes which have both an employer's and employee's share to the obligation. In the Debtor's mind, the type of taxes treated under this section of the Bankruptcy Code are limited to withholding and FICA taxes on wages. The Court does not construe section 507(a)(6)(D) in such a limited manner. The plain language of the statute indicates that a claim is entitled to priority where it is an employment tax based upon wages earned from the debtor/employer. *See In re Garden Inn Steak House, Inc.*, 22 B.R. 830 (Bkrtcy.N.D.Ohio 1982) (court finds contributions to Ohio unemployment compensation fund are entitled to priority tax treatment under 11 U.S.C. § 507(a)(6)(D)). The unpaid contributions in this instance are tax obligations which arise in the context of an employment situation, and are based upon the wages paid by the employer. Accordingly, the claim of Job Service of North Dakota for unpaid contributions to the unemployment compensation fund are entitled to priority pursuant to section 507(a)(6)(D) of the Bankruptcy Code. Further, any portion of that claim which relates to post-filing obligations of the Debtor is entitled to administrative expense priority under section 507(a)(1) of the Bankruptcy Code.