John D. BROWN and Wilford Harrelson, for Themselves, for the People of Horry County and All Others Similarly Situated, Appellants v. The COUNTY OF HORRY; Laurie McLeod, Chairman of the Horry County Council; Ulysses DeWitt, Grayson Register, Dewey Kirkley, R. Gray Steel, John M. Urban, James R. Frazier, William F. Brown, W. Paul Prince, Johnny Shelley, Steve Dawsey and Robert Smith, Councilmen of the Horry County Council, and M.L. Love, Administrator, Respondents.

(417 S.E. (2d) 565)

Supreme Court

*Franklin R. DeWitt,* Conway, *for appellants.*

*John P. Henry* of *Thompson, Henry, Gwin, Brittain & Stevens, P.A.,* Conway, and *Theodore B. Guerard* of *Haynsworth, Marion, McKay & Guerard,* Charleston, *for respondents.*

*Robert E. Lyon, Jr.,* and *Robert S. Croom,* Columbia, *for South Carolina Ass'n of Counties, amicus curiae.*

Heard Jan. 21, 1992.

Decided April 13, 1992.

MOORE, Justice:

This is an appeal from an order upholding a county ordinance which imposes a road maintenance fee on all motor vehicles registered in Horry County. The trial judge held that the fee was a valid uniform service charge authorized under S.C. Code Ann. § 4-9-30 (1986 & Supp. 1991). We affirm.

## FACTS

Beginning in fiscal year 1985-86, and each year thereafter, the Horry County Council has passed substantially the following ordinance within its annual budget:

A road maintenance fee of $15.00 on each motorized vehi-

cle licensed in Horry County is scheduled to be included on motor vehicle tax notices with the proceeds going into the County General Fund and being specifically used for maintenance and improvement of the county road system.

The present cost of maintaining and improving the Horry County road system is $5 million per year with the road maintenance fee generating $1.2 million per year or 25% of the cost. Within the Horry County road system, there are approximately 1,700 miles of dirt roads and 300 miles of paved roads.

On September 25, 1989, appellants brought a class action suit seeking injunctive and declaratory relief and a refund of the fees paid with interest. The trial judge held that the fee was a valid uniform service charge authorized by S.C. Code Ann. § 4-9-30 (1986 & Supp. 1991) and denied the relief sought.

### ISSUES

(1) Can a county impose such a fee?
(2) Is the road maintenance fee a service charge or a tax?
(3) Is the fee uniform?
(4) Does the fee comply with the equal protection clause?

### DISCUSSION

#### (1) AUTHORITY TO IMPOSE A SERVICE CHARGE

The Home Rule Act was passed in 1975 ". . . to comply with the mandate of the Constitution" in Section 7 of Article VIII, which requires the General Assembly to provide by general law for the ". . . powers, duties, functions, and the responsibilities of counties." Act No. 283 of 1975.

The intent of the constitutional mandate is stated in *Knight v. Salisbury*, 262 S.C. 565, 571, 206 S.E. (2d) 875, 877 (1974) as follows:

It is clearly intended that home rule be given to the counties and that county government should function in the county seats rather than at the State Capitol. If the counties are to remain units of government, the power to function must exist at the county level. Quite obviously, the framers of Article VIII had this in mind.

The extent of power intended for counties is made more explicit in Article VIII, Section 17:

> The provisions of this Constitution and all laws concerning local government shall be liberally construed in their favor. Powers, duties, and responsibilities granted local government subdivisions by this Constitution and by law shall include those fairly implied and not prohibited by this Constitution.

S.C. Code Ann. § 4-9-30 (1991), which sets out the general powers which counties may exercise under the Home Rule Act, grants counties the power:

> (5)(a) to assess property and levy ad valorem property taxes and *uniform service charges* . . . and make appropriations for functions and operations of the county, including . . . *roads,* . . .; water, . . . .; sewage . . . . (emphasis added).

Without ambiguity and by its express terms, this section provides counties with additional and supplemental methods for funding improvements. This is consistent with the intention of the drafters of the Home Rule Act to provide county government with the option of imposing service charges or user fees upon those who use county services in order to reduce the tax burden which otherwise would have to be borne by taxpayers generally.

> It is a settled rule of statutory construction that it is the duty of the court to ascertain the intent of the Legislature and to give it effect so far as possible within constitutional limitations. When a statute is a part of other legislation, designed as a whole to establish an expressed state policy, the court should strive to effectuate that policy. To aid in its construction, the statute must be read in the light of cognate legislation. *Gregg Dyeing Co. v. Query*, 166 S.C. 117, 123, 164 S.E. 588, 590 (1931).

The statute does not specify the amount of such fees or the persons upon whom they can be imposed. These limitations are governed by the requirements of equal protection and reasonableness.

It is obvious that the legislature did not necessarily intend that uniform service charges, or such a road maintenance fee, would be imposed in every county.

"The uniformity contemplated by the Home Rule Act is the realization of complete local autonomy." *Infinger v. Edwards*, 268 S.C. 375, 234 S.E. (2d) 214 (1977). Implicit in the Act is the realization that different counties will have different problems which will require different solutions. To require all counties to use the same means of financing for local improvements would defeat the objective of achieving complete local autonomy. *Robinson v. Richland County*, 293 S.C. 27, 31, 358 S.E. (2d) 392, 395 (1987).

Under Home Rule, a county can impose a service charge, as in the situation here, where it is a fair and reasonable alternative to increasing the general county property tax and is imposed upon those for whom the service is primarily provided.

### (2) SERVICE CHARGE OR TAX

Appellants argue that the road maintenance fee is a tax rather than a service charge. Respondents argue that the fee is a permissible service charge. The fact that the ordinance refers to the fee as a "road maintenance fee" rather than a tax is not determinative. The question of whether a particular charge is a tax depends on its real nature and not its designation. *Powell v. Chapman*, 260 S.C. 516, 197 S.E. (2d) 287 (1973); *Jackson v. Breeland*, 103 S.C. 184, 88 S.E. 128 (1915) (in distinguishing assessments from taxes the court held that courts will look behind mere words). In any doubtful case, however, the intent of the legislature as expressed in its characterization of the fee must be given judicial respect. *Emerson College v. City of Boston*, 391 Mass. 415, 462 N.E. (2d) 1098 (1984) (citing *Associated Indus., Inc. v. Comm'r. of Revenue*, 378 Mass. 657, 393 N.E. (2d) 812 (1979)).

South Carolina has not distinguished between a service charge and a tax. Other jurisdictions have held that a tax is an enforced contribution to provide for the support of government, whereas a fee is a charge for a particular service. *Long Run Baptist Ass'n. v. Louisville County Metro. Sewer Dist.*,

775 S.W. (2d) 520 (Ky. App. 1989). *See Craig v. City of Macon*, 543 S.W. (2d) 772 (Mo. 1976) (fees or charges are rendered in connection with a specific purpose while taxes are not); *Emerson College v. City of Boston, supra*, (fees are charged in exchange for a particular governmental service which benefits the party paying in a manner not shared by other members of society).

Although a service charge may possess points of similarity to a tax, it is inherently different and governed by different principles. A service charge is imposed on the theory that the portion of the community which is required to pay it receives some special benefit as a result of the improvement made with the proceeds of the charge. A charge does not become a tax merely because the general public obtains a benefit. *See Robinson v. Richland County Council, supra; Casey v. Richland County Council*, 282 S.C. 387, 320 S.E. (2d) 443 (1984). Appellants argue that the ordinance is invalid because of the disparity between the people who benefit and the people who pay. In *Home Bldrs. v. Bd. of Comm'rs.*, 446 So. (2d) 140 (Fla. Dist. Ct. App. 1983), a home builders and contractors association challenged an ordinance which imposed an impact fee on any new development activity which generated road traffic to pay for road construction. The court held that any improvement of roads would in some measure benefit those who do not pay and the fee is valid as long as it does not exceed the cost of the improvements and the improvements benefit the payors.

Courts have also looked at the objective in imposing the fee. In *Craig, supra*, the Missouri Supreme Court considered whether the revenues generated by the fees were to be paid into the general fund of the government to defray customary governmental expenditures. In *Emerson, supra*, the Massachusetts Supreme Court held that when the revenue from fees is destined for the general fund this indicates that the fee is a tax. The Horry County ordinance provides that the fees are to go into the general fund but that they are to be specifically used for the maintenance and improvement of county roads. Therefore, because the money collected is specifically allocated for road maintenance, we hold that the fee is service charge.

### (3) UNIFORMITY

To be a valid service charge under S.C. Code Ann. § 4-9-30(5), the charge must be uniform. Every owner of a motor vehicle registered in Horry County must pay a flat fee of $15.00 per vehicle. Appellant argues that for the fee to be uniform it should be tied to mileage with owners submitting affidavits certifying the number miles which they have driven on county roads. This procedure would be nearly impossible to implement as most owners would not know when they were driving on county roads, as opposed to state roads, and the record keeping would be burdensome. There is no inequality or discrimination which would render the fee invalid. Therefore, the uniformity requirement is met.

### (4) EQUAL PROTECTION

If a classification is reasonably related to a proper legislative purpose and the members of each class are treated equally, any challenge under the equal protection clause fails. *Robinson v. Richland County Council, supra; Medlock v. S.C. Fam. Farm Dev.,* 279 S.C. 316, 306 S.E. (2d) 605 (1983). The requirements of equal protection are satisfied if: (1) the classification bears a reasonable relation to the legislative purpose; (2) the members of the class are treated alike under similar circumstances; and (3) the classification rests on some reasonable basis. *Medlock, supra.* In addition, the burden is upon those challenging the legislation to prove lack of rational basis. *Ex parte Yeargin,* 295 S.C. 521, 369 S.E. (2d) 844 (1988).

A legislatively created classification will not be set aside as violative of the equal protection clause unless it is plainly arbitrary and there is no reasonable hypothesis to support the classification. *Samson v. Greenville Hosp. System,* 295 S.C. 359, 368 S.E. (2d) 665 (1988); *Medlock, supra.* Horry County placed all registered vehicles in a class which reasonably relates to the legislative purpose of generating funds for maintaining and improving county roads. Appellant has presented no evidence to show that this classification is arbitrary.

Appellant merely argues that the members of the class are not treated equally because county residents who reside outside a municipality and those who reside within a municipality

are in one class. The members of this class, however, are all treated alike as each owner registering a vehicle in the county must pay $15.00 per vehicle.

The classification rests on a reasonable basis as the vehicle owners are the persons who most often would use the roads. Therefore, the ordinance does not violate the equal protection clause.

Affirmed.

HARWELL, C.J., FINNEY and TOAL, JJ., and ALEXANDER M. SANDERS, JR., Acting Associate Justice, concur.