24219

HAMILTON BAIL BONDSMAN SERVICE, Wilfred Hamilton, President, Respondent v. Mary P. BROWN, in her capacity as Clerk of Court for Berkeley County, and Individually, Appellant, and HAMILTON BAIL BONDSMAN SERVICE, Wilfred Hamilton, President, Respondent v. Julie J. ARMSTRONG, in her capacity as Clerk of Court for Charleston County, and Individually, Appellant.

(456 S.E. (2d) 395)

Supreme Court

*A. Arthur Rosenblum* and *Anne G.H. Rounds,* Charleston, *for appellant Armstrong.*

*Robert E. Watson,* Moncks Corner, *for appellant Brown.*

*Steve C. Davis,* Moncks Corner, *for respondent.*

Heard Jan. 18, 1995.

Decided Mar. 27, 1995.

CHANDLER, Acting Associate Justice:

Appellant, Julie J. Armstrong (Clerk), appeals a Circuit Court Order holding that "assessed value" of property is its current market value as determined by the county tax assessor *before* applying the tax assessment multiple.[1] We reverse.

## FACTS
Respondent, a professional bondsman (Bondsman), instituted this action to enjoin Clerk from refusing to accept Bondsman's real property at its current market value as security for bail bonds pursuant to S.C. Code Ann. § 38-53-270 (1976, as amended).

The trial judge defined "assessed value" pursuant to § 38-53-270 as the market value determined by the county tax assessor *before* applying the tax assessment multiple, *i.e.,* the fair market value, and not a percentage thereof. In short, he equated "assessed value" with actual market value.

## ISSUE
Is "assessed value" in § 38-53-270 the value the county tax assessor places on real property *before* or *after* application of the tax assessment multiple?

## DISCUSSION
Section 38-53-270 provides that professional bail bondsmen

---

[1]This action was consolidated in the Circuit Court with action brought by Mary P. Brown, Clerk of Court of Berkeley County.

shall maintain with the county Clerk of Court a deposit in an amount equal to at least one-fourth of all bonds written. The deposit must be in the form of savings accounts or certificates of deposit or in the form of a "pledge of the *assessed value* of real estate in South Carolina over any recorded mortgages." § 38-53-270 (emphasis supplied).

"When interpreting a statute, the Court's primary function is to ascertain the intention of the Legislature. When a statute is clear and unambiguous, the terms of the statute must be given their literal meaning." *Holley v. Mount Vernon Mills, Inc.,* — S.C. —, 440 S.E. (2d) 373 (1994).

The question of what "assessed value" means in § 38-53-270 has never been specifically ruled upon by this Court. However, in *County of Lee v. Stevens,*[2] involving the authority of county council to set the rate for property taxation, we defined "assessed value" as follows:

> Property value involves 'actual value' and 'assessed value.' Actual value simply denotes the true market value of the property. Assessed value is a valuation placed upon property for the purpose of taxation. *Powell v. Chapman,* 260 S.C. 516, 197 S.E. (2d) 287 (1973). It is normally a small fractional part of the actual value. These fractional ratios are statutorily provided in § 12-43-220, Code of Laws of South Carolina (Cum. Supp. 1980). *See, generally,* Article X, South Carolina Constitution.

Accordingly, there is a clear distinction between actual market value and "assessed value" of property.

Counsel for Bondsman contends vigorously that to define "assessed value" as the value *after* application of the tax assessment multiple is illogical and, realistically, negates the pledge of real property by professional bail bondsman.

Bondsman's concern is one for the General Assembly. The plain meaning of § 38-53-270 is that the term "assessed value" means the value determined *after* application of the tax assessment multiple.

Reversed.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.

---

[2] 277 S.C. 421, 423, 289 S.E. (2d) 155, 156 (1982) (footnote omitted).