481 S.E.2d 437

C.R. CAMPBELL CONSTRUCTION CO., INC., Home Builders
Association of South Carolina, Inc., and Charleston Trident
Home Builders Association, Inc., Appellants,

v.

The CITY OF CHARLESTON, a municipality and
body corporate and politic, Respondent.

No. 24576.

Supreme Court of South Carolina.

Heard Oct. 2, 1996.

Decided Feb. 10, 1997.

Jay Bender and Charles E. Baker, both of Baker, Barwick, Ravenel & Bender, L.L.P., Columbia, for appellants.

Corporation Counsel William B. Regan and Assistant Corporation Counsel Frances I. Cantwell, both of Charleston, for respondent.

MOORE, Justice:

This appeal is from an order finding a municipal ordinance imposing a transfer fee on the conveyance of real property valid as a uniform service charge. We affirm.

## FACTS

The facts in this case are undisputed. Respondent City of Charleston (City) passed an ordinance effective January 1, 1994, imposing a "transfer fee" equal to .25% of the purchase price on the conveyance of real property.[1] All of the revenue generated by the transfer fee is used solely for acquiring, improving, operating, and maintaining parks and public recreational facilities. In enacting the ordinance, City Council made a specific finding that parks and recreational facilities add to the value of real estate within the City. This finding is supported by evidence in the record that property values are in fact enhanced by such amenities. Finally, it is undisputed City spends more on parks and recreational facilities than the amount generated by the transfer fee.

In February 1994, appellant C.R. Campbell Construction Company (hereinafter referred to as "Taxpayer" on behalf of all appellants) purchased a lot for $15,000 and paid under protest the transfer fee of $37.50. Taxpayer then brought this action to enjoin enforcement of the ordinance on the ground it was an illegal tax. The trial judge found the transfer fee was a valid uniform service charge and denied the injunction.

## DISCUSSION

■ The issue before us is a narrow one: Is the transfer fee a uniform service charge or a tax? Taxpayer concedes there is no challenge to the transfer fee if it meets the

---

1. The ordinance allows certain exemptions not applicable here.

definition of a uniform service charge. If, on the other hand, the transfer fee is actually a tax, Taxpayer contends it violates S.C. Const. art. X, § 6, which requires that "[p]roperty tax levies shall be uniform in respect to persons and property within the jurisdiction of the body imposing such taxes." As a property tax, Taxpayer contends the transfer fee is unconstitutional because it applies only to property that is conveyed and not otherwise. We need not address this constitutional challenge since we find the transfer fee is a uniform service charge and not a tax.

Our recent decision in *Brown v. County of Horry*, 308 S.C. 180, 417 S.E.2d 565 (1992), is dispositive on this issue. In *Brown*, we upheld a $15 road maintenance fee on all cars registered in the county as a valid uniform service charge under S.C.Code Ann. § 4–9–30(5)(a) (Supp.1995). Similarly, under S.C.Code Ann. § 5–7–30 (Supp.1995), municipalities are authorized to impose uniform service charges. If the transfer fee meets the criteria set forth in *Brown* to constitute a uniform service charge, it is valid.

■ Under *Brown*, a fee is valid as a uniform service charge if (1) the revenue generated is used to the benefit of the payers, even if the general public also benefits (2) the revenue generated is used only for the specific improvement contemplated (3) the revenue generated by the fee does not exceed the cost of the improvement and (4) the fee is uniformly imposed on all the payers. In this case, it is undisputed the transfer fee is used only for parks and recreational facilities, the payers benefit because their real property values are enhanced, the transfer fee does not generate more revenue than that spent on such facilities, and all payers pay a uniform percentage of the sale price of property conveyed. According to the facts in the record, the transfer fee is a uniform service charge and therefore valid under *Brown*.[2]

**AFFIRMED.**

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.

---

2. Effective July 1, 1994, S.C.Code Ann. § 6–1–70 (Supp.1995) requires that any revenue generated by a transfer fee on the conveyance of real

---

property be remitted to the State Treasurer. Since § 6-1-70 did not become effective until July 1, 1994, however, it does not apply to the transfer fee in this case and does not impact its validity as a uniform service charge. *See Town of Hilton Head Island v. Morris,* 324 S.C. 30, 484 S.E.2d 104 (1997).