# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

James Mikell "Mike" Burns, Garry R. Smith and Dwight A. Loftis, Appellants,

v.

Greenville County Council and Greenville County, Respondents.

Appellate Case No. 2018-002255

---

Appeal from Greenville County
Charles B. Simmons Jr., Circuit Court Judge

---

Opinion No. 28041
Heard August 20, 2020 – Filed June 30, 2021

---

## REVERSED

---

Robert Clyde Childs III, Childs Law Firm; J. Falkner Wilkes, both of Greenville for Appellants.

Sarah P. Spruill and Boyd Benjamin Nicholson Jr., Haynsworth Sinkler Boyd, PA, both of Greenville for Respondents.

---

**JUSTICE FEW:** Greenville County Council implemented what it called a "road maintenance fee" to raise funds for road maintenance and a "telecommunications fee" to upgrade public safety telecommunication services. The plaintiffs—three members of the South Carolina General Assembly—claim the two charges are taxes and, therefore, violate section 6-1-310 of the South Carolina Code (2004). We agree.

We declare the road maintenance and telecommunications taxes are invalid under South Carolina law.

## I.     Facts and Procedural History

Greenville County Council enacted the two ordinances at issue in 2017.  Ordinance 4906 was enacted "to change the road maintenance fee to . . . $25."  Ordinance 4906 amended Ordinance 2474—enacted in 1993—which required the owner of every vehicle registered in Greenville County[1] to pay $15 a year to the Greenville County Tax Collector.  County Council stated in Ordinance 4906 it increased the charge because "the current fee is insufficient to keep up with increased costs of maintenance."

Ordinance 4907 was enacted "for . . . the lease, purchase, . . . or maintenance of County-wide public safety telecommunications network infrastructure and network components" and related costs.  This ordinance requires the owner of every parcel of real property in Greenville County to pay $14.95 a year for ten years to the Greenville County Tax Collector.  County Council stated in Ordinance 4907 it imposed the charge to "mov[e] all County-wide public safety telecommunications to a single network platform" to "promote the safety of life and property in Greenville County by providing much needed modernization of current public safety telecommunications infrastructure."

The plaintiffs filed this lawsuit to challenge the validity of the ordinances on several grounds, including their claim the ordinances impose a tax and not a permissible fee.  The parties consented to an order referring the case to the master in equity for trial pursuant to Rule 53(b) of the South Carolina Rules of Civil Procedure.  The master found the ordinances did not violate the law.  Because one of the grounds on which the plaintiffs brought the challenge was the Equal Protection Clause, they filed their notice of appeal with this Court pursuant to Rule 203(d)(1)(A)(ii) of the South Carolina Appellate Court Rules and subsection 14-8-200(b)(3) of the South Carolina Code (2017).  Though we find the Equal Protection Clause question is not a significant issue, we elect not to transfer the case to the court of appeals.  *See* Rule 203(d)(1)(A)(ii), SCACR (providing "where the Supreme Court finds that the

---

[1] Section 56-3-110 of the South Carolina Code (2018) requires every motor vehicle in the State to be registered and licensed, and subsection 56-3-195(A) of the South Carolina Code (2018) assigns the registration process to each county for vehicles owned by residents of the county.

constitutional issue raised is not a significant one, the Supreme Court may transfer the case"); § 14-8-200(b)(3) (same).

## II. Analysis

South Carolina law permits counties "to . . . levy ad valorem[2] property taxes and uniform service charges." S.C. Code Ann. § 4-9-30(5)(a) (2021); *see also* S.C. Code Ann. § 6-1-330(A) (2004) ("A local governing body . . . is authorized to charge and collect a service or user fee."); S.C. Code Ann. § 6-1-300(6) (2004) ("'Service or user fee' also includes 'uniform service charges'."). Except for value-based property taxes, a county "may not impose a new tax . . . unless specifically authorized by the General Assembly." § 6-1-310.

Neither ordinance imposes a value-based property tax, and the General Assembly has not authorized Greenville County to impose any other new taxes. Therefore, unless the charges in the ordinances are "uniform service charges" under subsection 4-9-30(5)(a) or a "service or user fee" under subsection 6-1-330(A), the charges imposed pursuant to the ordinances are invalid under State law.

In 1992, this Court addressed the question of what is a "uniform service charge authorized under [section] 4-9-30," and in particular, whether a "road maintenance fee" imposed by Horry County was "a service charge or a tax." *Brown v. Cty. of Horry*, 308 S.C. 180, 181, 182, 417 S.E.2d 565, 566 (1992). We later explained, summarizing our extensive analysis in *Brown*,

> Under *Brown,* a fee is valid as a uniform service charge if (1) the revenue generated is used to the benefit of the payers, even if the general public also benefits (2) the revenue generated is used only for the specific improvement contemplated (3) the revenue generated by the fee does not exceed the cost of the improvement and (4) the fee is uniformly imposed on all the payers.

*C.R. Campbell Const. Co., Inc. v. City of Charleston*, 325 S.C. 235, 237, 481 S.E.2d 437, 438 (1997) (citing *Brown*, 308 S.C. at 184-86, 417 S.E.2d at 567-68).

---

[2] "Ad valorem" is a Latin term sometimes used to mean "value-based." *See Ad Valorem*, BLACK'S LAW DICTIONARY (11th ed. 2019) (stating "ad valorem" means "proportional to the value of the thing taxed").

In 1997, the General Assembly enacted subsection 6-1-300(6), which defines "service or user fee"—including "uniform service charges"—as "a charge required to be paid in return for a particular government service or program made available to the payer that benefits the payer in some manner different from the members of the general public not paying the fee." After 1997, therefore, when a local government imposes a charge it contends is not a tax, the charge arguably must meet the requirements we set forth in *Brown* but certainly must meet the requirements the General Assembly set forth in subsection 6-1-300(6).

Our analysis of the two ordinances at issue in this case begins and ends with subsection 6-1-300(6). In its brief, Greenville County argues Ordinance 4906 meets the subsection 6-1-300(6) requirement of a "government service or program . . . that benefits the payer in some manner different from the members of the general public" because "the funds collected are 'specifically allocated for road maintenance,'" as this Court approved in *Brown*. The argument conveniently ignores the fact subsection 6-1-300(6) was enacted in 1997, five years after *Brown* and four years after Greenville County enacted its original road maintenance fee in Ordinance 2474. The fact the funds are allocated for road maintenance says nothing of any benefit peculiar to the payer of the fee. In fact, every driver on any road in Greenville County—whether their vehicles are registered in Greenville County, Spartanburg County, or in some other state—benefits from the fact the funds are "specifically allocated for road maintenance."

At oral argument, Greenville County made the additional argument Ordinance 4906 satisfies subsection 6-1-300(6) because the property owners who pay the charge are the drivers who "most use the roads" maintained by the funds collected. We do not agree this satisfies subsection 6-1-300(6). While Greenville County residents who use the roads every day may derive more benefit from having the roads maintained in good condition, it is still the same benefit every driver gets, no matter where their car is registered.

Greenville County argues Ordinance 4907 satisfies subsection 6-1-300(6) because the improved telecommunications system will "enhance[] real property values." We find this argument fails. When County Council enacted Ordinance 4907, it did not address the factual question of whether an improved telecommunications system will enhance property values, and Greenville County presented only speculative evidence of such an enhancement at trial. The County Administrator testified the new system "could . . . enhance property values for individual property owners." One County Council member testified his own property "stands to benefit from better

coordinated, faster, first responder services." Plaintiff Mike Burns testified on cross-examination the new telecommunication system "would benefit [him] as a property owner," but he said nothing about any benefit to his property value.

The plaintiffs argue any claim of an increase in property value from the new telecommunication system is "too tenuous" to satisfy subsection 6-1-300(6). Greenville County argues this Court already approved enhanced property value as a satisfactory benefit in *C.R. Campbell Construction*. *See* 325 S.C. at 237, 481 S.E.2d at 438 (finding "the payers benefit because their real property values are enhanced"). We find *C.R. Campbell Construction* is not helpful to Greenville County. In that case, "City Council made a specific finding that parks and recreational facilities add to the value of real estate within the City." 325 S.C. at 236, 481 S.E.2d at 437. We stated, "This finding is supported by evidence in the record that property values are in fact enhanced by such amenities." *Id.* In this case, neither County Council when it adopted the ordinance nor Greenville County when it tried this case put any effort into demonstrating the new telecommunications system would meaningfully enhance property values.

Taxpayers should hope every action taken by local government is calculated to not damage property values. What governing body would attempt—and what electorate would accept—an act that is calculated to damage property value? Every action of local government, therefore, in at least some minor way, should be calculated to enhance property value. In some instances, as in *C.R. Campbell Construction*, the enhancement of property value may be significant. If the governing body actually addresses the effect on property value and deems an anticipated enhancement significant enough to differentiate the benefit to those paying the fee from the benefit everyone receives, then it is likely the courts will uphold the decision, as we did in *C.R. Campbell Construction*. In the first instance, however, the question whether an ordinance actually enhances property values must be addressed by the local governing body. In Ordinance 4907, County Council described the aged equipment previously used in multiple networks, and it stated the new single network would improve the delivery of emergency and public safety communications in multiple ways. But the ordinance says nothing of whether property owners would see any benefits from the new network. Even if property owners will see benefits, this Court has no idea whether the impact is significant enough to affect property value. We hold that simply declaring a fee will enhance property value does not make the property owner paying the fee the beneficiary of some unique benefit, as required by subsection 6-1-300(6).

Therefore, as to both Ordinance 4906 and Ordinance 4907, we find Greenville County failed to satisfy the subsection 6-1-300(6) requirement that the "government service or program . . . benefits the payer in some manner different from the members of the general public."[3]

### III. Conclusion

Greenville County Ordinances 4906 and 4907 purport to impose a "uniform service charge" on those who are required to pay it. We find the charges are taxes. State law prohibits local government from imposing taxes unless they are value-based property taxes or are specifically authorized by the General Assembly. Neither is true for these two ordinances. Therefore, the ordinances are invalid.

**REVERSED.**

**BEATTY, C.J., KITTREDGE, HEARN and JAMES, JJ., concur. KITTREDGE, J., concurring in a separate opinion in which BEATTY, C.J., joins.**

---

[3] The plaintiffs raised other issues we find it unnecessary to address. *See Whiteside v. Cherokee Cty. Sch. Dist. No. One*, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) ("In view of our disposition of this issue, we need not address appellants' remaining exceptions." (citations omitted)).

**JUSTICE KITTREDGE:**  I concur with the majority opinion.  I write separately to offer two points.  First, the post-*Brown*[4] enactment of section 6-1-300(6) of the South Carolina Code (2004) is the standard set by out legislature for determining what constitutes a "service or user fee."  In my judgment, the *Brown* factors may inform the analysis, particularly factors (3) and (4), but section 6-1-300(6) is controlling.  Second, this Court in recent years has received an increasing number of challenges to purported "service or user fees."  Local governments, for obvious reasons, want to avoid calling a tax a tax.  I am hopeful that today's decision will deter the politically expedient penchant for imposing taxes disguised as "service or user fees."  I believe today's decision sends a clear message that the courts will not uphold taxes masquerading as "service or user fees."  Going forward, courts will carefully scrutinize so-called "service or user fees" to ensure compliance with section 6-1-300(6).

**BEATTY, C.J., concurs.**

---

[4]  *Brown v. Cty. of Horry*, 308 S.C. 180, 417 S.E.2d 565 (1992).