15142

SANDERS v. ANDERSON COUNTY *ET AL.*

(10 S. E. (2d), 364)

December, 1939.

*Messrs. Allen & Doyle,* for appellants.

*Messrs. Leon W. Harris* and *J. L. Sherard,* for respondent.

August 15, 1940.

The opinion of the Court was delivered by Mr. Justice Baker.

This is the companion case to the case of *John Henry Scott v. Anderson County et al.,* 10 S. E. (2d), 359, the opinion in which is filed herewith.

The original complaint in this action was for alleged unpaid balances of salary of respondent, as auditor of Anderson County for the years 1932, 1933, 1934 and 1935; and for the twenty-five (25c) cents recording fee of each and every deed recorded in said county between the month of July, 1933, and the month of March, 1935, amounting to $306.50. The action therefor was commenced May 7, 1938. By order of Honorable J. Strom Thurmond, Circuit

Judge, respondent was permitted to amend his complaint as to parties-defendants, but " * * * Further Ordered: That as to the amendment or supplement to the complaint with reference to the addition of other items thereto be, and the same is, hereby refused."

In serving amended complaint, the respondent did not undertake to enlarge on the items of salary, but did undertake to enlarge his claim for fees so as to include all fees to and inclusive of June, 1937.

Under the said order of Judge Thurmond, from which no appeal was taken, respondent is limited to a recovery *in this action* of only such "items" for which he brought suit in the original complaint.

The respondent admits in printed argument that the salary claim of $216.86 for 1936 should not be included in the judgment for respondent.

The Court will avoid,[1] when possible, passing upon the constitutionality of an Act of the Legislature, and has of its own volition in order to avoid passing upon the constitutionality of Act 947 of 1938, 40 St. at Large, page 1893, approved May 9, 1938, seized upon the order of Judge Thurmond in which as aforesaid, the respondent was denied the right to include any additional items to those sued for in the original complaint.

All other questions involved are decided by the *Scott case, supra,* and the judgment herein is reversed, and the case remanded to the Circuit Court for such further proceedings as may be necessary to determine the amount due respondent, if any, in conformity with the opinion in said *Scott case.*

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES FISHBURNE and CARTER and MR. ACTING ASSOCIATE JUSTICE J. STROM THURMOND concur.