15141

SCOTT v. ANDERSON COUNTY ET AL.

(10 S. E. (2d), 359)

December, 1939.

*Messrs. Allen & Doyle,* for appellants,

*Messrs. J. L. Sherard* and *Leon W. Harris,* for respondent,

August 15, 1940.

The opinion of the Court was delivered by Mr. Justice Baker.

This action was commenced on November 8, 1938, and involves the right of respondent, as treasurer of Anderson County, to collect an alleged balance due from said Anderson County as salary for the years 1932, 1933, 1934, 1935 and 1936; and his right to the execution fees as provided for county treasurers collected from July, 1935, through October, 1938, on tax executions issued for unpaid taxes for the years 1930, 1931, 1932, 1933, 1934, 1935 and 1936.

Appellants allege in their printed argument, and we so find, that under the judgment rendered in this case, Act May 9, 1938, Act No. 947 of the Acts of 1938, 40 St. at Large, 1893, has no further application. We are therefore, at this time, spared the necessity of passing upon the constitutionality of this limitation statute.

From the agreed statement of facts upon which the case was tried, we learned that respondent has been continuously since May 30, 1930, the treasurer of Anderson County; that respondent in his official capacity as treasurer, had on deposit and in his office on December 1, 1939, the sum of $129,499.14. The appellants do not admit that any part of said sum may lawfully be used in the payment of either of the claims which respondent seeks to enforce in this action. It was stipulated in the agreed statement of facts "That

Sections 2700, 2853, and 2854, are hereby specifically incorporated herein and that either of the parties hereto may use any constitutional provision or legislative enactment of the State of South Carolina in any manner affecting the issues herein to the same extent as if they were specifically enumerated herein," which opened the door wide for appellants to take advantage of any and all statutes affecting the claims of respondent.

In the Court below, the respondent claimed and the trial Judge held that respondent was entitled to collect a salary from the county for the years above mentioned in accordance with the salary provided by Section 2700 of the Code of 1932.

There is a distinction to be made as to the county's portion of the salary of the county treasurer for the years 1932, 1933, and 1934, and the years 1935 and 1936. This is occasioned by the Act ratifying Sub-section IX of Section 34, Article III of the State Constitution, which will be found in the Acts of 1935, 39 St. at Large, at page 24, approved February 11, 1935, said sub-section as amended reading as follows: "In all other cases, where a general law can be made applicable, no special law shall be enacted: Provided, That the General Assembly may enact local or special laws fixing the amount and manner of compensation to be paid to the County Officers of the several counties of the State, and may provide that the fees collected by any such officer, or officers, shall be paid into the treasury of the respective counties."

We have heretofore held that Section 2700 of the Code was amended by the yearly General Appropriation Acts as to the amount of the salaries of county treasurers, but that the proportion of the salary to be paid by the State and counties respectively was unaffected. *Wallace v. Sumter County,* 189 S. C., 395, 1 S. E. (2d), 345; *Boggs v. O'Dell,* 190 S. C., 442, 3 S. E. (2d), 486, 488. It will be noted that in neither of the above-cited cases was the salary claimed

for years following the ratification Act of 1935 involved. It will also be noted that in the last above-mentioned case permission was sought and received of the Court to review the decision in the *Wallace case* and modify or overrule it in certain respects. The Court, through the late and lamented John G. Stabler, its then Chief Justice, stated: "No good reason has been made to appear, however, why this should be done." We reiterate this statement, notwithstanding the peculiar wording of the proviso in reference to treasurers and auditors in the 1932 General Appropriation Act, Act April 4, 1932, 37 St. at Large, 1567, since a reading of the yearly General Appropriation Acts for the year preceding and years following evidence the intendment to reduce the salaries of county treasurers and county auditors, not only as to the State's portion, but also the county's portion.

We think there can be no doubt than that the six-year limitation statute (Section 388 of the Code), applies to so much of the county's portion of unpaid salary, if any, for the year 1932, as is claimed for that portion of said year prior to November 8, 1932, this action having been commenced as aforesaid on November 8, 1938.

The General Appropriation Act of 1931, Act May 9, 1931, 37 St. at Large, 397, after appropriating lump sums for the salaries of county treasurers and county auditors, reduced their salaries 9% from the amount provided by the Act of 1929 (Section 2700 of the Code), thus making the salary of the county treasurer and the county auditor for Anderson County $3,640.00. The General Appropriation Act of 1932 again reduced the salaries of county treasurers (and auditors) on a graduated percentage basis so that in Anderson County the reduction was 16% of the salary paid in 1931, subject, however, to the proviso in Section 57 of the Act to the effect that such decrease should not become effective until April 1, 1932. The appellant county is therefore due respondent one-half of the amount paid him

by the State for the period of time (November 8, 1932, to December 31, 1932), less the amounts for that period of time paid him by the county.

For the years 1933 and 1934, the County of Anderson is due respondent as salary one-half of the amount paid him for such years by the State, subject, of course, to the deduction of such salary as was paid him by the county.

If, on the above basis, the County of Anderson has overpaid respondent, then such excess payment shall be deducted from the amount due respondent by reason of execution fees appropriated by the county. *Gamble v. Clarendon County,* 188 S. C., 250, 198 S. E., 857.

In the light of the Act approved February 11, 1935, ■ ratifying amendment to Sub-section IX of Section 34, Article III of the Constitution, the county's portion of the salary of its treasurer (and auditor) for the years 1935 and 1936 is the amount fixed in the County Supply Act for those years, to wit, $3,000.00. The amount due respondent for salary by the county was the difference between said $3,000.00 and the amount paid by the State. The appellant county is entitled to have any overpayments as salary for these years deducted from the amount due respondent by reason of its appropriation of his execution fees.

The trial Court found as a fact that of the tax executions issued by respondent for the years 1930-1936 inclusive, 10,-118, had been collected, and that respondent was therefore entitled to $1.00 as his fee for issuing each of these executions so collected. In this we concur. In addition, he was paid $720.00 as execution fees for 720 other tax executions collected, and has deposited this money in a separate account. We also concur in the conclusion reached by the trial Judge that respondent is entitled to retain this money. The appellants concede the correctness of this ruling unless the County Supply Acts of 1935 and 1936, Act May 10, 1935, 39 St. at Large, 615; Act May 8, 1936, 39 St. at Large, 1925; and

Act No. 930 of the Acts of 1938, 40 St. at Large, 1862, approved May 9, 1938, deprive the respondent of these fees.

The County Supply Act for Anderson County, 1935, provides in the body of the Act and following the appropriation for the salary and office expense of the treasurer (and auditor): "That the fees received by the Auditor and Treasurer shall accrue to the County as provided by law; or if not so accruing to the County, shall reduce accordingly their salaries as herein provided." The title of the Act is: "An Act to Provide for the Levy of Taxes in Anderson County for County and School Purposes for the Fiscal Year Beginning January 1, 1935, and to Direct the Expenditure Thereof."

The title to the County Supply Act of 1936 is: "An Act to Provide for the Levy of Taxes in Anderson County for County and School Purposes for the Year 1936; to Direct the Expenditure Thereof and to Fix Salaries." After making appropriations for the salaries and office expenses of the treasurer and auditor, it contains this proviso: "Provided, That the total salaries, that is to say, the amount paid by the State and County, of the Auditor and Treasurer shall be for each the sum of Three Thousand ($3,000.00) Dollars."

As to the above two Acts, we approve that portion of the trial Judge's decree as refers to execution fees, and which reads as follows:

"Defendant further contends that the 1935 and 1936 county supply bills for Anderson County is a ratification of the 1935 Amendment to the Constitution in so far as Anderson County is concerned. The Court is of contrary opinion. As seen above Anderson County must ratify the 1935 amendment before it becomes effective in said county. This it has not done. The *Boggs case* refers to the Act of 1938 (being Act Number 909 of the Acts of the General Assembly of 1938 at page 1826). By reference thereto it will be seen that Pickens County specifically ratified such constitutional amendment. Anderson County has not done so. By reference

to the 1935 supply bill for Anderson County, being Act number 368, Acts of the General Assembly of 1935 at page 615, it will be seen that the title to said act is as follows: 'An Act to Provide for the Levy of Taxes in Anderson County for County and School Purposes for the Fiscal Year Bebinning January 1, 1935, and to Direct the Expenditure Thereof.' Since it is necessary that the title to an Act be sufficiently broad to cover the provisions thereof, the Court holds that the title to the Act in question is not sufficient to sustain the provision found on page 619 of said Act, from which defendant seeks to escape liability. Acts of the General Assembly must apply to only one subject. This Act violates said provision.

"What is said herein with reference to the 1935 supply bill is equally true with reference to the 1936 supply bill, which will be found as Act number 1009, Acts of the General Assembly of 1936, at page 1925, the proviso thereto relied upon by defendant being found at page 1929. * * * ."

In addition thereto, we call attention that the Act of 1936 makes no reference to fees.

The trial Judge was inadvertent in stating that Anderson County had not passed an Act under the provision of the 1935 constitutional amendment, but it is true no such Act was passed until 1938 (Act No. 930, approved May 9, 1938). However, this Act has no application to the present controversy.

All tax executions for which fees are sought, and for which judgment was rendered were issued prior to the 1938 Act just above mentioned in which it is provided that the fees of the treasurer (and auditor) of Anderson County shall go to said County, and fixing a salary for the treasurer in lieu of all fees. It matters not when these tax executions are collected, the respondent will be entitled to his $1.00 fee for each execution when collected. The only duty respondent had to perform was to issue the tax execution and deliver it to the proper office for collection. He is

not entitled to compensation therefor until and unless the execution is collected. The six-year limitation statute has not run against any of the fees involved in this action.

This Court held in the case of *Smith v. Ashmore,* 184 S. C., 316, 192 S. E., 565, that mandamus is the proper remedy to compel the issuance of a salary warrant, or to compel the payment thereof when the salary is fixed by law. While we have declined herein to make the necessary calculations to ascertain the salary to which respondent is entitled, we apprehend that there may have been an overpayment of salary. Therefore, the question before the Court is whether mandamus will also lie to compel the payment of the fees of respondent appropriated by the county for general county purposes. On December 1, 1939, the respondent, as treasurer of appellant county, had on deposit and in his office, the sum of $129,499.14, "but the defendant does not admit that any part of said sum may lawfully be used in the payment of either of the claims which palintiff seeks to enforce by this action."

The statement of facts also contains the following: "That from year to year, covering the period of time involved in this litigation, all sums of money coming into the treasury of the county, excepting only such sums as have been borrowed for special purposes other than current operating expenses, have been expended for the purposes set out in the annual appropriation bills. That no sum at any time has been segregated and set aside as a special contingent fund to be used in the adjustment of the claims which are the cause of this action, and that all balances existing in the general county funds at the end of the respective fiscal years during the period of time involved in this litigation have been brought forward to the succeeding fiscal year, and used for the purposes recited in the annual appropriation bill for said succeeding fiscal year, and that during each and every year of the period of time involved in this litigation it has been necessary for Anderson County to borrow money to sup-

plement the amount appropriated by the annual supply bill for current operating expenses."

There is no allegation that the $129,499.14 was at the time of the rendition of the judgment herein definitely appropriated for the payment of any item or items certain.

We are unable to differentiate between "fixed salary" and "fixed fees" as a part of the officer's compensation when collected, especially where fees have been disposited in a general fund and used generally for the county's purposes, and when the fees were never the property of the appellant county. As was aptly stated in the decree of the Circuit Judge: "The defendant has in its possession moneys to which it is not entitled and which is the property of plaintiff. It collected the execution fees for the benefit of plaintiff, to. whom they were due to be paid. In reality the defendant is holding the said fees in trust for plaintiff, as defendant has never had legal title thereto. * * * ."

The judgment appealed from is affirmed in part, and reversed in part, and the case is remanded to the Circuit Court for such further proceedings as may be necessary to determine the amount due respondent in accordance with the holdings herein; and when such amount is finally determined, a writ do issue compelling appellants to pay same.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES FISHBURNE and CARTER and MR. ACTING ASSOCIATE JUSTICE J. STROM THURMOND concur.