476 S.E.2d 490

FAIRWAY FORD, INC., d/b/a Fairway Ford, BMS, Inc., d/b/a Breakaway Honda, Big "O" Dodge of Greenville, Inc., d/b/a Big "O" Dodge, Brockman Chrysler–Plymouth Inc., d/b/a Brockman Chrysler–Plymouth, Fairway Management Company, d/b/a Heritage Lincoln–Mercury, Century Auto Sales, Inc., d/b/a Century BMW/Saab, Sitton Buick Company, Inc. of Greenville, d/b/a Sitton Buick, Toyota of Greenville, Inc., Gore's Corvette World, Inc., Bruce Vehicle/Equipment Auction Services, Inc., d/b/a Gary Bruce's Greenville Auto Auction, Boyce Clardy, d/b/a Liberty Motors, Bill Regan, d/b/a Regan Auto Sales, D.B. Carter Used Cars Lot No. One, Inc., and D.B. Carter Used Cars Lot No. Three, Inc., for Themselves, for Motor Vehicle Dealers and Wholesalers in Greenville County and All Others Similarly Situated, Respondents,

v.

The COUNTY OF GREENVILLE, Robert W. Leach, Chairman of the Greenville County Council, Richard A. Ashmore, Rick Blackwell, George Bomar, C. Wade Cleveland, Bob Cook, Rev. E.D. Dixon, Richard Herdklotz, Bunk Johnson, James F. Patterson, Fletcher N. Smith, Jr. and Paul B. Wickensimer, As Members, of Greenville County Council, and William J. Estabrook, former Administrator for Greenville County, Appellants.

No. 24496.

Supreme Court of South Carolina.

Heard Dec. 7, 1994.

Decided Sept. 23, 1996.

Judith S. Burk, Greenville County Attorney, Greenville, for appellants.

Harvey G. Sanders, Jr. and H. Gibert Sanders, III, of Leatherwood Walker Todd & Mann, P.C., Greenville, for respondents.

FINNEY, Justice

Greenville County appeals an order holding its ordinance imposing a $200 per plate fee on all automobile dealer and wholesaler license tags unlawful as an improper uniform service charge, and as violative of equal protection. We affirm.

A local government may lawfully impose a uniform service charge [1] if the charge meets these conditions: (1) it is imposed for a particular governmental service rather than for the general support of the government; and (2) the persons required to pay the charge derive a special benefit from the improvement made with the charge proceeds. *Brown v. County of Horry,* 308 S.C. 180, 417 S.E.2d 565 (1992); *Hospitality Ass'n v. County of Charleston,* 320 S.C. 219, 464 S.E.2d 113 (1995) (Finney, A.J., dissenting). Greenville County asserts the special benefit conferred upon dealers and wholesalers by the proceeds of this fee, which is designated for use to improve county roads, is an increased retail sales price for the cars first driven with dealer or wholesaler tags. The County alleges better roads mean fewer "dings" from debris and fewer paint repairs, and hence a greater profit for car dealers. The circuit court found this asserted benefit inured to all cars and not just to those driven with dealer or wholesaler tags, and declared the ordinance invalid. We agree and affirm.

In keeping with our firm policy of declining to reach constitutional issues unnecessary to the resolution of the case before us, we do not address the circuit court's alternative ruling that the ordinance's fee scheme violated equal protection. *Sanders v. Anderson County,* 195 S.C. 171, 10 S.E.2d 364 (1940).

The ordinance is invalid because no special benefit is conferred upon the payors of the uniform service charge. Accordingly, the circuit court's order is

AFFIRMED.

MOORE, A.J. and WILLIAM P. KEESLEY, Acting Associate Justice, concur.

CHANDLER, C.J., and WALLER, A.J., concurring in result in separate opinion.

CHANDLER, Chief Justice:

I concur in the holding that the ordinance at issue is invalid. However, I find the ordinance invalid because it does not satisfy the constitutional requirement of equal protection.

---

1. This charge is authorized for counties by S.C.Code Ann. § 4-9-30(5)(a) and for municipalities by § 5-7-30 (1986 and Supp.1994).

*Hospitality Ass'n v. County of Charleston,* 320 S.C. 219, 464 S.E.2d 113 (1995) (a local ordinance enacted under the provisions of § 4–9–30 is invalid if it is inconsistent with either the Constitution or general law of this State).

WALLER, A.J., concurs.