THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Charleston
 County Department of Social Services, Respondent,
           v.
 Christina H., Father
 1, and Father 2, Defendants,
 Of Whom Christina H. 
 is the Appellant.
 In the
 interests of M.H. and J.B., minor children under the age of 18.
 
 
 

Appeal From Charleston County
Frances P. Segars-Andrews, Family Court
 Judge
Unpublished Opinion No.   2009-UP-398
Submitted July 1, 2009  Filed August 4,
 2009 
AFFIRMED

 
 
 
 Deidre Shelton McCool and Erin E. Richardson, both of Charleston,
 for Appellant.
 John Corbitt Hinson, III, of North Charleston, for Respondent.
 D. Peters Wilborn, Jr., of Charleston, Guardian Ad Litem for M.H.
 
 Wendy Lee Wilkie, of Mt. Pleasant, Guardian Ad Litem for J.B.
 
 
 

PER CURIAM: Christina
 H. (Mother) appeals from the family courts order terminating her parental
 rights (TPR) to her minor children, M.H. and J.B.  Mother argues the family
 court erred in finding DSS established, by clear and convincing evidence, that:
 (1) Mother satisfied a statutory ground for TPR, and (2) TPR was in the best
 interest of M.H. and J.B.  We disagree.
1.  We affirm
 the family courts finding that clear and convincing evidence established that M.H.
 and J.B. were outside the home of either parent for six months, and during that
 time, Mother's failure to visit them was "willful." See S.C.
 Code Ann. § 63-7-2570 (Supp. 2008) (stating the family court may order TPR upon
 finding a statutory ground is established and also finding TPR is in the best
 interest of the children); S.C. Code Ann. § 63-7-2570(3) (Supp. 2008)
 (explaining a statutory ground for TPR is established when "the child has
 lived outside the home of either parent for a period of six months, and during
 that time the parent has wil[l]fully failed to visit the child.  The court may
 attach little or no weight to incidental visitations . . . ."). 
2.  Furthermore, despite Mothers arguments to
 the contrary, we find DSS proved by clear
 and convincing evidence that termination of Mothers parental rights was in the
 best interests of M.H. and J.B.  See S.C. Code Ann. § 63-7-2620 (Supp.
 2008) (explaining when the child's interests and the parental rights conflict,
 the childs interests shall prevail); Charleston County Dept of Soc. Servs.
 v. King, 369 S.C. 96, 105, 631 S.E.2d 239, 244 (2006) (When reviewing the
 family court decision, appellate courts may make their own conclusions of
 whether DSS proved by clear and convincing evidence that parental rights should
 be terminated.); Charleston County
 Dep't of Soc. Servs. v. Jackson, 368 S.C. 87, 95, 627 S.E.2d 765, 770 (Ct. App. 2006)
 (stating despite the appellate courts broad scope of review, it should not
 necessarily disregard the findings of the family court, which was in a better
 position to evaluate the credibility of the witnesses and to assign weight to
 their testimony); S.C. Dept of Soc. Servs. v. Smith, 343 S.C. 129, 133,
 538 S.E.2d 285, 287 (Ct. App. 2000) (declaring the best interests of the children
 are the paramount consideration in a TPR case). 
3.  Mother contends the family
 court erred by failing to consider
 due process violations that occurred before the family court ordered Mother to comply
 with the terms of the 2006 Placement Plan.   We
 find this argument to be without merit.  See Rule 220(b)(2), SCACR
 (stating the appellate court "need not address a point which is manifestly
 without merit").
4.  Finally,
 Mother contends section 63-7-2570(8) of the South Carolina Code is
 unconstitutional because this ground for TPR is unrelated to "parental
 unfitness."  Because only one statutory ground is needed to affirm the
 family court's termination of Mother's parental rights, and clear and
 convincing evidence supports TPR based on Mother's willful failure to visit, an
 analysis of this constitutional question is not necessary to the resolution of
 the case.  See S.C. Dep't of Soc. Servs. v. Seegars, 367 S.C.
 623, 633, 627 S.E.2d 718, 723 (2006) (quoting Fairway Ford, Inc. v. County
 of Greenville, 324 S.C. 84, 86, 476 S.E.2d 490, 491 (1996) ([I]t is this
 Court's firm policy to decline to rule on constitutional
 issues unless such a ruling is required.). 
Accordingly,
 the family court order terminating Mothers parental rights to M.H. and J.B. is   
AFFIRMED.[1] 
HEARN, C.J., KONDUROS, J. and CURETON, A.J., concur.

[1]We decide this case without oral argument pursuant to
 Rule 215, SCACR.