LOCKEMY, C.J.:
**282 Yvonne Burns appeals the order of the Appellate Panel of the South Carolina Workers' Compensation Commission (Appellate Panel) denying her claim for death benefits. We reverse and remand.
FACTS/PROCEDURAL BACKGROUND
Timothy York died in a work-related accident on August 26, 2013, when his boat capsized on a pond at Longlands Plantation while he was working within the course and scope of his employment with Knollwood, Inc.
In January 2014, Tyrone York, Timothy's brother and the personal representative of his estate, filed a Form 52 notice of a claim for death benefits and requested a hearing. A hearing was held before the single commissioner in June 2014 to determine the beneficiary of Timothy's statutory benefits. At the hearing, Tyrone sought workers' compensation benefits on behalf of Timothy's mother, Shirley York, as Timothy's next of kin under section 42-9-140(B) of the South Carolina Code (2015). Yvonne Burns sought benefits for herself as Timothy's common law wife under section 42-9-110 of the South Carolina Code (2015); or alternatively, as a dependent under sections 42-9-120 or 42-9-130 of the South Carolina Code (2015).
**283 In June 2015, the single commissioner found Shirley entitled to the full sum of death benefits allowable under the Workers' Compensation Act (the Act)[1] . The single commissioner held the preponderance of the testimony did not support a finding Timothy and Yvonne had a common law marriage. The single commissioner found Timothy and Yvonne "lived together off and on in a tumultuous relationship characterized by separations resulting from either alcohol consumption or arguments regarding finances." In finding Yvonne failed to prove the existence of a common law marriage, the single commissioner relied heavily on (1) the conflicting testimony from family and friends as to whether Timothy and Yvonne planned to get married; (2) Yvonne's testimony she never told her son of any plans to marry Timothy; (3) Yvonne's testimony the couple had not formalized any plans for a wedding; (4) Timothy and Yvonne's individual tax returns indicating they were single without any dependents; and (5) Yvonne's failure to contribute to Timothy's funeral expenses.
The single commissioner further held that although Yvonne's financial dependency on Timothy was greater than Shirley's, such financial dependence was not determinative of the outcome of the case. The single commissioner noted South Carolina's statutory prohibition against fornication and cited Day v. Day , 216 S.C. 334, 58 S.E.2d 83 (1950), as dispositive. The Day court held "it was not the intention of the legislature to permit a woman to be classed and considered as a dependent within the meaning of [the] Act who lives in [an] illicit relationship with a man to whom she is not legally married." Id. at 345, 58 S.E.2d at 88. The single commissioner held, as our supreme court held in Day , an individual cannot be a dependent if he or she is in an illicit relationship, and if the legislature intended to sanction an illicit *217 relationship as constituting a basis for dependency, a provision for such would have been made in the Act.
Yvonne subsequently appealed the single commissioner's order to the Appellate Panel. The Appellate Panel affirmed the single commissioner's order in full on January 20, 2016. This appeal followed.
**284 STANDARD OF REVIEW
"The South Carolina Administrative Procedures Act establishes the substantial evidence standard for judicial review of decisions by the [Appellate Panel]." Murphy v. Owens Corning , 393 S.C. 77, 81, 710 S.E.2d 454, 456 (Ct. App. 2011). "Under the substantial evidence standard of review, this court may not substitute its judgment for that of the [Appellate Panel] as to the weight of the evidence on questions of fact, but may reverse whe[n] the decision is affected by an error of law." Id. at 81-82, 710 S.E.2d at 456. "Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence [that], considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action." Taylor v. S.C. Dep't of Motor Vehicles , 368 S.C. 33, 36, 627 S.E.2d 751, 752 (Ct. App. 2006) (quoting S.C. Dep't of Motor Vehicles v. Nelson , 364 S.C. 514, 519, 613 S.E.2d 544, 547 (2005) ). "The mere possibility of drawing two inconsistent conclusions from the evidence does not prevent a finding from being supported by substantial evidence." Olson v. S.C. Dep't of Health & Envtl. Control , 379 S.C. 57, 63, 663 S.E.2d 497, 501 (Ct. App. 2008).
LAW/ANALYSIS
I. Applicable Statutory Law
Section 42-9-290 of the South Carolina Code (Supp. 2017) provides that if an employee dies as the result of an accident arising out of the course of employment, the employer must provide death benefits to dependents wholly dependent on the decedent's earnings for support.
One may be deemed wholly dependent either through a conclusive statutory presumption under section 42-9-110 or through a factual demonstration under section 42-9-120. See S.C. Code Ann. § 42-9-110 (2015) ("A surviving spouse or a child shall be conclusively presumed to be wholly dependent for support on a deceased employee."); S.C. Code Ann. § 42-9-120 (2015) ("In all other cases questions of dependency ... shall be determined in accordance with the facts as the facts may be at the time of the accident ....").
**285 "If there is more than one person wholly dependent, the death benefit shall be divided among them ...." S.C. Code Ann. § 42-9-130 (2015). "If the deceased employee leaves no dependents or nondependent children, the employer shall pay the commuted amounts ... to his father and mother, irrespective of age or dependency." S.C. Code Ann. § 42-9-140(B) (2015).
II. Issues on Appeal
A. Fornication Statutes
Yvonne argues the Appellate Panel erred in finding she and Timothy were engaged in fornication. She contends the record contains no evidence of any acts of fornication or convictions for fornication, and thus, the Appellate Panel's findings are not supported by substantial evidence.
" 'Fornication' is the living together and carnal intercourse with each other or habitual carnal intercourse with each other without living together of a man and woman, both being unmarried." S.C. Code Ann. § 16-15-80 (2015).
Any man or woman who shall be guilty of the crime of adultery or fornication shall be liable to indictment and, on conviction, shall be severally punished by a fine of not less than one hundred dollars nor more than five hundred dollars or imprisonment for not less than six months nor more than one year or by both fine and imprisonment, at the discretion of the court.
S.C. Code Ann. § 16-15-60 (2015).
The Appellate Panel found Timothy and Yvonne were engaging in fornication, and thus, based on the Day court's holding that an individual cannot be a dependent if they *218 are in an illicit[2] relationship, Yvonne's claim to Timothy's death benefits was denied as a matter of law. We hold the Appellate Panel erred in finding Timothy and Yvonne were engaged in fornication. The record contains no evidence of any acts of fornication or convictions for fornication. Accordingly, we reverse the Appellate Panel as to this issue.[3] **286 B. Day v. Day
Yvonne argues the Appellate Panel erred in finding her claim for death benefits was barred by the supreme court's holding in Day .
Yvonne contends Day is not applicable because the relationship at issue in Day , unlike in the present case, was bigamous, and thus, illegal. Shirley asserts Day is a longstanding precedent that holds the legislature did not intend to include an unmarried cohabitant as a dependent under the Act.
In Day , our supreme court denied the claimant death benefits finding the marriage of the claimant to the deceased employee was bigamous and void from its inception. 216 S.C. 334, 344-45, 58 S.E.2d 83, 88 (1950). The court held although the claimant believed she was legally married to the deceased, it could not "escape the conclusion that it was not the intention of the legislature to permit a woman to be classed and considered as a dependent within the meaning of [the] Act who lives in [an] illicit relationship with a man to whom she is not legally married." Id. at 345, 58 S.E.2d at 88. While the Day court found the claimant was dependent on the deceased employee and noted her case appealed strongly to the court's sympathy, it nevertheless found the claimant was not entitled to benefits. Id . at 344-45, 58 S.E.2d at 88. The court stated "[t]o hold otherwise might well give rise to great abuses in the administration of the [ ] Act." Id. at 345, 58 S.E.2d at 88.
In light of our reversal of the Appellate Panel's fornication findings, we remand this case to the Appellate Panel to reconsider its holding. Day held individuals cannot be dependents under the Act if they are involved in an illicit relationship. Here, no evidence was presented of an illicit relationship. Thus, we ask the Appellate Panel to determine, based on the evidence in the record, whether Yvonne qualifies as a dependent under the Act.
REVERSED AND REMANDED.
WILLIAMS and KONDUROS, JJ., concur.

S.C. Code Ann. §§ 42-1-10 to 42-19-50 (2015 & Supp. 2017).

"Illegal or improper." Illicit , Black's Law Dictionary (10th ed. 2014).

Yvonne further asserts South Carolina's fornication statutes are unconstitutional. We decline to address this argument. See Fairway Ford, Inc. v. Cty. of Greenville , 324 S.C. 84, 86, 476 S.E.2d 490, 491 (1996) (holding it is this court's firm policy to decline to rule on constitutional issues unless such a ruling is required).